ORAL ARGUMENT NOT YET SCHEDULED
_____

# No. 16-3076
_____

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

UNITED STATES OF AMERICA,
Appellee,

v.

JAMES WENDELL BROWN,
Appellant.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____

## BRIEF FOR APPELLANT
_____

Barbara E. Kittay, Esquire
Counsel for Appellant
(Appointed by the Court)
D.C. Bar Number 414216

11140 Rockville Pike
Suite 100-284
Rockville, Maryland  20852
(301) 468-1817
bkittay@verizon.net

Crim. No. 12-CR-155 (RJL)

## <u>CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED</u> <u>CASES</u>

Pursuant to D.C. Circuit Rule 28(a), appellant, James Wendell Brown, hereby states as follows:

A. <u>Parties and *Amici*</u>: The parties to this appeal are appellant, James Wendell Brown, and the United States of America, appellee. There are no intervenors or *amici*.

B. <u>Rulings Under Review</u>: This is a second appeal, arising from a final judgment of criminal conviction, following a guilty plea in the United States District Court for the District of Columbia, to a violation of 18 U.S.C. §2252A(a)(2) (Distribution of Child Pornography), a successful appeal of the first sentence (No. 13-3062), and re-sentencing. Appellant argues that in sentencing him on remand, the trial court again exceeded its authority by sentencing him above the U.S. Sentencing Guidelines. Appellant filed a timely notice of appeal on June 16, 2016.

C.  <u>Related Cases</u>:  This matter is on appeal for the second time before this Court.  The first appeal was docketed as No. 13-3062, and reported at 808 F.3d 8865 (D.C. Cir. Dec. 15, 2015).  There are no other related cases.

# <u>I N D E X</u>

<u>Page</u>

STATEMENT OF THE CASE . . . . . . . . . . . . . . 1

THE PLEA AGREEMENT . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . 8

    The district court's imposition of the same,
    above-the-guidelines sentence was still
    unwarranted, notwithstanding a longer
    articulation the same reasons . . . . . . . 8

    A.   Procedural Background . . . . . . . . . 8

    B.   Standard of Review . . . . . . . . . 12

    C.   Legal Analysis . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . 25

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . 26

CERTIFICATE OF SERVICE . . . . . . . . . . . . 27

ADDENDUM . . . . . . . . . . . . . . . . . . A-1

## TABLE OF AUTHORITIES

### CASES

*Gall v. United States*, 552 U.S. 38
    (2007) . . . . . . . . . . . . . . . . . 8, 13, 16

*In re Sealed Case,* 527 F.3d 188
    (D.C. Cir. 2008) . . . . . . . . . . 13, 15-16

*Rita v. United States*, 551 U.S. 338 (2007). . 17-18

*United States v. Akhigbe,* 642 F.3d 1078
    (D.C. Cir. 2011) . . . . . . . . . . 13, 19-20

\*  *United States v. Angle*, 216 F. App'x 557
    (7th Cir. 2005) . . . . . . . . . . 13, 15-16

\*  *United States v. (James Wendell) Brown*,
    808 F.3d 865 (D.C. Cir. 2015) . . . . . 1, 4, 8

\*  *United States v. Gawthorp,* 310 F.3d 405
    (6th Cir. 2002). . . . . . . . . . . . . . . 22

*United States v. Johnson*, 427 F.3d 423
    (7th Cir. 2005) . . . . . . . . . . . . . . 21

*United States v. Lucero,* 747 F.3d 1242
    (10th Cir. 2014) . . . . . . . . . . . . . . 22

*United States v. McCaffrey,* 437 F.3d 684
    (7th Cir. 2006) . . . . . . . . . . . . 21, 23

---

**\*      Authorities upon which we chiefly rely are marked with asterisks.**

*United States v. Nicely*, 492 Fed. App'x 119
    (D.C. Cir. 2012) . . . . . . . . . . . . . 13

*United States v. Ohlinger*, 141 F. App'x 470
    (7th Cir. 2005). . . . . . . . . . . . . 21-22

*United States v. Ransom*, 756 F.3d 770
    (D.C. Cir. 2014) . . . . . . . . . . . . . 25

*United States v. Reingold*, 731 F.3d 204
    (2d Cir. 2013) . . . . . . . . . . . . . . 12

## STATUTES AND OTHER REFERENCES

18 U.S.C. §2252A(a)(2) . . . . . . . . . . . . . 2
18 U.S.C. §2252A(b)(1) . . . . . . . . . . . 14

USSG §1A1.1 . . . . . . . . . . . . . . . . . 18
USSG §2G2.2 . . . . . . . . . . . . . 6, 14, 19
USSG §2G2.2(b)(2) . . . . . . . . . . . 6, 24
USSG §2G2.2(b)(3)(F) . . . . . . . . . . . 6
USSG §2G2.2(b)(4) . . . . . . . . . . . 2, 6
USSG §2G2.2(b)(5) . . . . . . . 6, 19, 20, 23, 24
USSG §2G2.2(b)(6) . . . . . . . . . . . . 6
USSG §2G2.2, Application Note 7 . . . . . . 19, 24
USSG §3B1.1 . . . . . . . . . . . . . . . . 6

FRAP 32(a)(7)(C) . . . . . . . . . . . . . 26
D.C. Circuit Rule 28(a)(5) . . . . . . . . . ix

## ISSUES PRESENTED

In the opinion of the appellant, the following issues are presented by this appeal:

I.  Whether the district court exceeded its authority, when (at sentencing after remand), it again imposed a sentence above the U.S. Sentencing Guidelines, based on what it expressed to be its personal experience that appellant's conduct was "rare" and "unusual," and to compensate for the declination of further prosecution by state and federal authorities in Virginia, when, in fact, the plea agreement included a five-level increase to capture the state conduct, for all of which the defendant had accepted responsibility; and

II.  Whether, having repeated at re-sentencing, the same reasons it gave at the original sentencing, but having included them (on this second occasion) in the written Statement of Reasons, the trial court satisfied its obligation to provide sufficient and appropriate

justification, and whether the conduct set forth in
the Statement of Reasons was sufficiently beyond
that which is addressed in the Sentencing
Guidelines to justify the excessive sentence.

## STATUTES AND REGULATIONS

Pursuant to D.C. Circuit Rule 28(a)(5), appellant notes that the following statutes and regulations are pertinent to this appeal:

<u>Criminal Offenses</u>
18 U.S.C. §2252A(a)(2)
18 U.S.C. §2252A(b)(1)
18 U.S.C. §3553(a)(1)
18 U.S.C. §3553(a)(2)(A)
18 U.S.C. §3553(a)(2)(B)
18 U.S.C. §3553(a)(2)(C)

<u>Sentencing Guidelines (2012 ed.)</u>
USSG §1A1.1
USSG §2G2.2
USSG §2G2.2(b)(2)
USSG §2G2.2(b)(3)(F)
USSG §2G2.2(b)(4)
USSG §2G2.2(b)(5)
USSG §2G2.2(b)(6)
USSG §2G2.2, Application Note 7
USSG §3B1.1

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

————————————————

No. 16-3076

————————————————

UNITED STATES OF AMERICA,
Appellee,

v.

JAMES WENDELL BROWN,
Appellant.

————————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

————————————————

BRIEF FOR APPELLANT

————————————————

## STATEMENT OF THE CASE

This is appellant's second appeal, this Court
having remanded the case for re-sentencing, by
Opinion dated December 15, 2015 (*see United States
v. James Wendell Brown*, 13-3062, 808 F.3d 865 (D.C.
Cir. 2015) (Edwards, J.)).  The prosecution
originates from the filing, on July 6, 2012, of a
one-count Criminal Information, charging appellant

with Distribution of Child Pornography (18 U.S.C. §2252A(a)(2) (*see* JA 12)).[1]

After two guilty plea hearings[2] and an aborted sentencing hearing before the Honorable Judge Richard J. Leon, the defendant was sentenced, on June 26, 2013, to a prison term above the advisory

---

[1] "JA" refers to the Joint Appendix submitted with this brief, after consultation with the United States Attorney's Office, Appellate Division. With respect to transcripts of the proceedings, three are necessary to this review on appeal: (1) the guilty plea hearing on June 19, 2013 (referred to as "Plea Tr. [page]" and "JA [page]"); the sentencing hearing June 26, 2013 (referred to as "Sent'g I Tr. [page]" and "JA [page]"); and the sentencing hearing on remand, held June 8, 2016 (referred to as "Sent'g II Tr. [page]" and "JA [page]").

[2] After a first plea hearing, a sentencing was aborted when the probation officer responsible for the Presentence Report (PSR), viewed the images in question and disagreed with the application of the enhancement (under United States Sentencing Guidelines (2012 ed.) ("USSG") §2G2.2(b)(4)), for portrayal of "sadistic or masochistic conduct," an enhancement to which the parties initially had agreed. Because this changed dramatically the applicable guideline range, the parties signed a new plea agreement (*see* Plea Agreement dated Apr. 29, 2013, at 2, JA 15), and the trial court ordered that the defendant allocute anew, to the amended (lower) guideline range, at a second guilty plea hearing, held on June 19, 2013 (Plea Tr. 3; JA 58).

guideline range:  144 months' imprisonment, to be followed by 240 months (20 years) of supervised release, and ordered the defendant to pay a $100 special assessment (Sent'g I Tr. 38, JA 119).

On December 15, 2015, this Court granted Appellant's first appeal of his sentence (*see* Appeal No. 13-3062).  In vacating the sentence and remanding for resentencing, this court noted:

> In both its in-court and written explanations, the District Court listed the § 3553(a) factors informing its thinking and provided a brief and unparticularized description of Brown's criminal conduct.  But in neither statement did the court explain (let alone explain with specificity) why Brown's conduct, assessed in light of the § 3553(a) factors, was more harmful or egregious than that addressed by the properly calculated Guidelines range. Moreover, the District Court never in any way addressed its particular choice of a sentence -- one that exceeds the high end of the Guidelines range by 23 months and the term of imprisonment sought by the Government by 47 months.  Without an explanation of the "'degree of variance,' ... so far as we can tell, the district judge's choice of [144 months] was arbitrary."

*United States v. James Wendell Brown,* No. 13-3062, 808 F.3d 865, 874 (D.C. Cir. 2015) (internal citations omitted).

## THE PLEA AGREEMENT

For the Court's convenience, we will again set out the background of appellant's plea agreement and the facts supporting his conviction: according to the "Statement of the Offense," an addendum to the plea agreement, separately acknowledged and signed by the defendant, this conviction is the product of an online sting operation conducted by Metropolitan Police Department (MPD) Detective Timothy Palchak, part of the operation of an MPD/FBI task force that seeks to identify individuals who use the Internet to promote their sexual interest in children (JA 23). On March 5, 2012, the defendant, using the screen name "justluckyjwb," initiated a "chat" (an online conversation) with Det. Palchak, during which he: (1) expressed an interest in meeting a pre-

- 4 -

pubescent child; (2) admitted to having had past
sexual contact with his grandchild; and (3) sent
three images of child pornography, one depicting a
close-up picture of what appears to be a child's
vagina, and the other two depicting pre-pubescent
girls performing sexual acts with an adult male (JA
23-25).

Further investigation revealed open
investigations by the Fauquier County (Va.)
Sheriff's Office, into allegations that the
defendant had molested three children:  (1) his
granddaughter "K.S." (age 7 at the time of the
inquiry); (2) his granddaughter "L.S." (age 4 at
the time of the inquiry, but alleged to be age 3 at
the time of the abuse); and (3) his biological
daughter "J.W." (age 14 at the time of the inquiry,
but alleged to be age 6 at the time of the abuse)
(JA 26).  As part of his plea agreement, the
defendant conceded that the government could prove

specific instances of abuse by "clear and convincing evidence" (JA 26).

The amended plea agreement, which included a joint recommendation of a sentence of **97** months, was calculated as follows:

Base Offense Level (USSG §2G2.2):              **22**

Adjustments:

Victim less than 12 years old (§2G2.2(b)(2))    **+2**
Distribution (§2G2.2(b)(3)(F))                  **+2**
Use of a computer (§2G2.2 (b)(6))               **+2**
Pattern of abuse of a minor(§2G2.2 (b)(5))      **+5**

Adjusted offense level                =         **37**

Reduction for acc. of responsibility (§3E1.1)   **-3**

Stipulated total offense level                  **30**

*See* Plea Agreement dated Apr. 29, 2013 at 2-3 (JA 15-16).  Because the defendant has no criminal history, the recommended range of incarceration for level 30 was **97-121** months.  The government, having agreed earlier not to oppose a "low end" sentence, honored that promise at the amended level (Sent'g I Tr. 3-4; JA 83-84).

- 6 -

## SUMMARY OF THE ARGUMENT

The trial court has again abused its discretion by sentencing appellant above the advisory Sentencing Guidelines.  The trial judge continues to base his sentencing decision on his personal "experience" and belief that appellant's conduct is "rare" and "unusual," as is the parties' "global settlement" that imposed a 5-level enhancement for "pattern of sexual abuse of a minor," in return for the declination of further prosecution in Virginia. Appellant argues that the trial court did not (and cannot) show that the conduct in question was inadequately addressed by the Guidelines, or that the degree of variance is justified.

**ARGUMENT**

I.    **The district court's imposition of the same, above-the-guidelines sentence was still unwarranted, notwithstanding a longer articulation the same reasons.**

A.    **Procedural Background**

In the first appeal of this matter, this Court noted appellant's challenge to the "substantive reasonableness" of the sentence, but found that "[b]ecause we are unable to discern the sentencing judge's rationale for imposing an above-Guidelines sentence, we are unable to address appellant's substantive claim." *United States v. James Wendell Brown, supra*, 808 F.3d at 867, *citing Gall v. United States*, 552 U.S. 38, 51 (2007). Appellant again challenges his sentence as unreasonable.

As set forth above, the final adjusted offense level set forth in the plea agreement and the PSR was **30** (**97-121 months**). To justify the sentence of 144 months, at re-sentencing, the trial court read more extensively from the charging documents and the plea proffer, than it had at the original

- 8 -

sentencing, but it made no new argument supporting the sentence in excess of the range. *Compare* Sent'g I Tr. 33-37 (JA 114-18), *with* Sent'g II Tr. 33-40 (JA 162-69). It persisted in its view that appellant's conduct is rare, both in the District of Columbia and in his experience as a judge: "[w]e don't get a lot of cases around here where there's actual touching prepubescent children," (Sent'g II Tr. 4; JA 133). *See also* Sent'g II Tr. 4; JA 133 ("I've been doing this 14 years. I can only think of one other case"); *id*. at 5; JA 134 ("This is not a normal case, based on my experience"); *id.* at 6, JA 135 ("Is that a mischaracterization to say they're rare, [AUSA] Redbord?").[3]

---

[3]    To his credit, the prosecutor refused to adopt the trial court's position, advising the court that there are "a lot of those cases" in the District of Columbia, but they are prosecuted in the Superior Court of the District of Columbia, as a matter of local jurisdiction (Sent'g II Tr. 6-7, JA 135-36).

The trial court also alluded to *ex parte* conversations with the Department of Probation, not

> I'm just making a point, for the benefit
> of our brethren in the Court of Appeals
> who never sentenced anybody, this is not
> a normal case.  This is not an everyday
> case.  This is not a run-of-the-mill
> case.

(Sent'g II Tr. 13-14, JA 142-43).

The trial court also reiterated its displeasure with the "global" nature of the plea, finding it also "unusual" that the government would seek to resolve both federal and local (in this case, Virginia) charges filed in one plea (Sent'g II Tr. 8, JA 137) ("There's also something else that's unusual about this case, in my experience.  This is a case where there was a global settlement. ... That's not a common occurrence either, at least for me").

As before, at the original sentencing in 2013, the parties reminded the court that the defendant's conduct in Virginia was addressed in the guideline range (*see* Sent'g I Tr. 13, 16-17, 18, JA 94, 97-

---

otherwise supported by the record, to bolster his conclusion that sexual abuse of young children is "very rare in this courthouse" (Sent'g II Tr. 4-5).

98, 99; Sent'g II Tr. 17, JA 146). Appellant's
counsel argued that under the Plea Agreement,
"[the] sentence was nearly doubled by the
enhancement for the conduct with the younger
children" (Sent'g II Tr. 17, JA 146). The trial
court was unpersuaded:

> [A]s I already pointed out in
> 2G2.2(b)(5), which provided the 5-point
> enhancement that you had in your
> sentencing calculation with regard to a
> pattern of activity involving the sexual
> abuse or exploitation of a minor, the
> application note itself points out, in
> relevant part, that an upward departure
> may be warranted if the defendant
> received an enhancement under Subsection
> (b)(5). But that enhancement does not
> adequately reflect the seriousness of the
> sexual abuse or exploitation involved.
> That, indeed, is the judgment of this
> Court; that that enhancement does not
> adequately reflect the seriousness of the
> sexual abuse or exploitation involved.

(Sent'g II Tr. 33, JA 162). The trial court also
issued a "Statement of Reasons" for the variance
that included a more fulsome narrative than it had
issued before the first appeal (JA 54). In it, the
court summarized the conduct set forth in the

original plea proffer; it again noted a combination
of offenses (pornography, solicitation of children,
actual abuse of children) and abuse of trust (each
of which, appellant notes, was the subject of an
offense characteristic or adjustment in the
Guidelines calculation); it suggested that the
defendant would have received a longer prison term,
but for the comprehensive Plea Agreement; and it
cited a public "need" of protection against
"predatory conduct" (*id*).

### B.   Standard of Review

On appeal, the appropriate application of the
U.S. Sentencing Guidelines (USSG) is reviewed *de
novo*, giving deference to the trial court's
findings of fact. *United States v. Reingold*, 731
F.3d 204, 222 (2d Cir. 2013).  Reviewing sentences
outside the range recommended by the USSG,
appellate courts should use a "deferential abuse-
of-discretion" standard to determine whether the
sentence imposed by the trial court is

"reasonable." *Gall v. United States*, *supra,* 552
U.S. at (2007).  There is no preservation
requirement for reasonableness review, *United
States v. Bras*, 483 F.3d 103, 113 (D.C. Cir. 2007).

### C.   Legal Analysis

"'Given the broad substantive discretion
afforded to district court's in sentencing, there
are concomitant procedural requirements they must
follow'" *United States v. Nicely,* 492 Fed. App'x
119, 121 (D.C. Cir 2012), *quoting In re Sealed
Case,* 527 F.3d 188, 191 (D.C. Cir. 2008).  "Under
the Sentencing Act, if the district court imposes a
sentence above the applicable Sentencing Guidelines
range, then it must state 'the specific reason' at
the time of sentencing why the defendant's conduct
was more harmful or egregious than the typical
case." *Id*., *citing United States v. Akhigbe*, 642
F.3d 1078, 1084-86 (D.C. Cir. 2011).

Here, all of the factors cited by the trial
court, at sentencing, were factors already

considered in the applicable Guidelines range, with adjustments and enhancements. The trial court's lack of prior contact with and personal distaste for appellant's conduct did not differentiate his conduct for any such typical offender.[4] If the trial court had wanted to punish separately for the conduct in Virginia, it could have stripped the agreed-upon range of the enhancement that had already applied for that conduct, and started at a range of **57-71 months** (level 25),[5] It is at *this* point that the court could have considered upward variance, to account for what it considered to be otherwise unpunished conduct, or benefits conferred by other jurisdictions.

_____

[4]   It is not as if appellant were being compared to, or sentenced pursuant to a guideline that applies to a more antiseptic offender (for example, a defendant guilty of fraud); rather, appellant's guideline specifically applies to sexual exploitation of minor children. *See* USSG §2G2.2.

[5]   Of course, the court could not impose a sentence of less than **60 months,** because the statute of conviction carries a mandatory minimum, under 18 U.S.C. §2252A(b)(1).

But the range presented to the court by the
Plea Agreement had incorporated five (5) levels to
account for the Virginia offenses.  Five levels,
under our federal sentencing guidelines, is a
significant enhancement.  The defendant, by
accepting responsibility for the Virginia conduct
here, saved the government significant resources;
moreover, he saved the affected children the trauma
and distress of coming forward to testify in an
additional prosecution.  The enhancement, here,
provided (at the top end of the guideline) *fifty
(50)* additional months of punishment, without
requiring state or federal authorities to move
forward with additional proceedings.  When the
trial court added an additional *twenty-three (*23)
months to appellant's sentence, it thereby
effectively added *seventy-three (*73) months to
appellant's sentence for the crime of conviction.
"'[A] major departure should be supported by a more
significant justification than a minor one.'"  *In*

*re Sealed Case*, *supra*, 527 F.3d at 191, *quoting Gall*, *supra,* 552 U.S. at 50.  Here, in support of the variance, the trial court recited factors that had already been considered by the Guidelines, expressed his personal distaste for the conduct, erroneously concluded that the conduct was "rare" for this judicial district, and appeared to believe that the considerations of only one judicial district should apply.

To this last point, it is clear from the entire record of this case (sentencing and re-sentencing) that the trial judge has little regard for the mission or the policy of the Sentencing Guidelines, most particularly, its insistence that defendants in the entire country be treated equally.  His focus at re-sentencing on the frequency of sexual abuse only in the District of Columbia (or indeed, in only "this" federal courthouse), is repetition of the disdain for the Guidelines that he expressed at the first sentencing:

> Oh, yeah, that[] is what the architects of
> the guidelines … Justice Breyer was the
> chief architect … that's what he had in
> mind.  We're going to make sure judges in
> every part of the country whether it's
> Mississippi or Chicago Los Angeles or
> Boston they are going to come out with the
> same sentencing in the same range.  That's
> what they thought.  It was a grand
> experiment.  Unfortunately, the Supreme
> Court said it is not binding on federal
> judges who have the real responsibility to
> study the case individually and the
> history of the defendant individually.
> Thank goodness the Supreme Court did that.

*See* Sent'g I Tr. 22-23, JA 103-04.

But in denigrating the mission of the

Guidelines, the trial court completely disregards

the clear directive of the Supreme Court, which,

even as it more recently has endeavored to provide

trial courts with greater flexibility at

sentencing, has re-asserted with approval, the

Guidelines's basic aims and principles:

> Congress "sought *uniformity* in sentencing
> by narrowing the wide disparity in
> sentences imposed by different federal
> courts for similar criminal conduct, "as
> well as *proportionality* in sentencing
> through a system that imposes
> appropriately different sentences for
> criminal conduct of different severity."

- 17 -

*Rita v. United States,* 551 U.S. 338, 349 (2007), *quoting* USSG §1A1.1, intro to comment, pt. A ¶2 (the Statutory Mission), and ¶3 (the Basic Approach) (emphasis in original).  Appellant believes that the application of trial court's narrow experience, and his mistaken and unsupported belief that the conduct is "rare" and "usual" in the District of Columbia, is *precisely* the misapplication of discretion that the Guidelines were created to address, and is expected to accomplish, even in an advisory capacity.

Thus, as he again dismissed the Guidelines range at re-sentencing, the trial court gave no serious consideration of the 5-level enhancement that the defendant had accepted; instead, it proceeded again to add punishment for the Virginia conduct.  "This sort of double-counting is permissible under the guidelines but only if the pattern-of-activity adjustment does not adequately take account of the seriousness of the defendant's

conduct." *United States v. Angle*, 216 F. App'x 557, 561 (7th Cir. 2005), *citing* USSG §2G2.2, Application Note 7.[6]  Nowhere in the trial court's comments at sentencing or the written Statement of Reasons did the trial court explain why the incidents used to justify the §2G2.2(b)(5) adjustment were serious enough to justify a sentence more than *double* that of a high-end sentence without the adjustment.[7]  As in *United States v. Akhigbe, supra*, 642 F.3d at 1086, where the trial court added a year to a Guidelines sentence, this court's "observations" about the

---

[6]   Cited in *Angle* as comment 6, the comment was re-numbered in the USSG 2009 edition as "Application Note 7."

[7]   Appellant's comparison, here, is between a sentence in the **57-71 range** (without a "pattern" enhancement), and the trial court's sentence (with the upward departure) of 144 months.  Of course, the alternate comparisons include the difference between the adjusted guideline range accepted by the parties and the Probation Department (which includes the pattern enhancement) of **97-121 months**, above which the court departed by nearly *four years* (at the government's recommended low-end) and by nearly two years (at the high-end).

impact of appellant's crime "would apply equally to any defendant convicted of this offense and thus provide no individualized reasoning as to why the court believed a sentence ... above the Guidelines range was appropriate for this particular defendant."  Of course, here, the sentence was **23** months greater than the high end of the Guidelines, and **47** months higher than the government's recommendation.[8]

So, appellant again argues, as he did in his first appeal, and to the trial court on remand, that cases similar and more serious than his have not justified upward variance.  First, we argue that typically, conduct justifying both a "pattern-of-conduct" *and* an upward departure, involve extensive or particularly depraved sexual conduct, or a breach of a position of trust beyond that of a

---

[8]  The trial court's justification, here, of deterrence and public protection is no different than that used by the trial court in *Akhigbe*, *supra,* 642 F.3d at 1085.

family member.  *See*, *e.g. United States v. McCaffrey*, 437 F.3d 684, 689 (7th Cir. 2006) ("unique" circumstances proven, where a priest "sexually molested dozens of children on hundreds of occasions over the course of decades, and where the abuse was aggravated by [the defendant's] exploitation of the trust families placed in him as a clergyman"); *United States v. Johnson*, 427 F.3d 423, 424 (7th Cir. 2005) (defendant had acquired an "astonishing 10,000 to 12,000 computer images [including] 174 images of sadistic sexual acts and 42 of bestiality involving children").[9]  *See also United States v. Ohlinger*, 141 F. App'x 470, 472 (7th Cir. 2005) (upward departure appropriate where

---

[9]     The court's explanation, in *Johnson*, included the observations of an FBI agent and postal inspector that "the images of sadistic sexual acts included images of children under the age of ten being tied up and forced to have oral, genital and anal sex with adult males [and] images of bestiality [that] depicted young children, sometimes bound, engaging in acts of intercourse and oral sex with dogs."  *Johnson,* 427 F.3d at 424. The trial judge characterized the evidence as "the most shocking he had seen in sixteen years on the bench" (*id*.).

"defendant's criminal history is significantly more serious than most defendants in the Criminal V area," because it did not adequately reflect convictions for child molestation in 1981 and 1983, and a complaint in 1987).

Significant, too, are the lower sentences reflected in cases with fact patterns much like that of appellant here, with sentences in the range of **63 to 78** months, with no upward departures imposed.  *See e.g., United States v. Lucero*, 747 F.3d 1242, 1251 (10th Cir. 2014) (78 months appropriate for uncle who abused two nieces); *United States v. Gawthorp*, 310 F.3d 405, 414 (6th Cir. 2002) (70 months appropriate for a grandfather who molested his daughter and later, his 3-year old granddaughter, all but 55 months of which was to be served concurrent with his 81-month state sentence for abusing the granddaughter).

In *United States v. Angle*, 216 F. App'x 557 (7th Cir. 2007), a case in which the enhancement

was applied for three past incidents (including at
least one involving the molestation of the
defendant's nephew), the Seventh Circuit contrasted
egregious cases like the priest in *McCaffrey*, with
cases involving what it called "sexual exploitation
of children generally":

> Although Angle was related to one of his
> victims, he is not comparable to a priest
> who uses his religious position to hide
> his activities.  The district court has
> also not suggested that there is anything
> unusual about the incidents that makes
> them more egregious than sexual exploita-
> tion of children generally.  The district
> court may not use these incidents to
> support an above-range sentence on remand
> unless it gives a detailed explanation of
> why it thinks they were not sufficiently
> accounted for by the §2G2.2(b)(5)
> adjustment.  For our part, however, we do
> not see anything in this record … to
> suggest that these incidents were so
> serious that they could justify both a
> §2G2.2(b)(5) adjustment and a sentence
> significantly above the guideline range.

*Id*. at 561.

Appellant does not minimize his conduct; he
simply and humbly asserts that his serious behavior
was captured by the Guidelines range, and by many

- 23 -

enhancements, including two levels for victims
under 12 years old, and five levels for the
"pattern of activity involving the sexual abuse or
exploitation of a minor."  There is nothing about
his behavior that separates him from other
offenders; the volume or content of three images
that he transmitted is not above the heartland of
child pornography cases; he is subject to a
mandatory minimum of five years; and there is no
criminal history (underrepresented or otherwise)
that requires a sentence above the advisory
guidelines range of **97 to 121 months.**

The trial court has offered no adequate
explanation why the "[pattern] enhancement does not
adequately reflect the seriousness of the sexual
abuse or exploitation involved" (*see* USSG §2G2.2,
Application Note 7).  It has provided no
"individualized reasoning" supporting a degree of
variance adding nearly two years to the top-end of
the advisory sentence for all other such offenders.

Appellant came before the court with no prior criminal history, accepting responsibility for all of his conduct, remorseful, and fully compliant with rehabilitation efforts. *Compare United States v. Ransom*, 756 F.3d 770, 774-75 (D.C. Cir. 2014). He asks this Court to find, therefore, that the trial court has exceeded its authority, and has again imposed an unreasonable sentence.

<u>**CONCLUSION**</u>

For all of the reasons set forth herein, appellant respectfully requests that his case again be remanded to the district court for re-sentencing.

Respectfully submitted,

_____

Barbara E. Kittay
D.C. Bar #414216
11140 Rockville Pike
Suite 100-284
Rockville, Maryland  20852
(301) 468-1817
bkittay@verizon.net

*Counsel for Appellant*
*(Appointed by this Court)*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(a)(7)(C) of the Federal
Rules of Appellate Procedure, the undersigned
counsel for Appellant hereby certifies that this
Brief complies with the type-volume limitation of
Rule 32(a)(7)(B).  As measured by the word
processing system used to prepare this Brief, there
are 4,977 words in this Brief.

_____

BARBARA KITTAY
Counsel for Appellant
(Appointed by the Court)
D.C. Bar Number 414216
11140 Rockville Pike
Suite 100-284
Rockville, Maryland  20852
(301) 468-1817
bkittay@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed the foregoing Brief for Appellant with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system on September 9, 2016.

The following is a registered CM/ECF user and will be served by the appellate CM/EC system and will be provided with paper copies of the brief and appendix, by first class, U.S. Mail, this 9th day of September, 2016:  Elizabeth Trosman, Chief, Appellate Division, U.S. Attorney's Office for the District of Columbia, counsel for appellee.

_____
Barbara E. Kittay

**ADDENDUM**

**United States Code**

18 U.S.C.

§2252A  . . . . . . . . . . . . . . . .  A-2

§3553  . . . . . . . . . . . . . . . . .  A-6

**United States Sentencing Guidelines (2010 ed.)**

§2G2.2  . . . . . . . . . . . . . . .  A-10

§3B1.1  . . . . . . . . . . . . . . .  A-14

**A-1**