ORAL ARGUMENT NOT YET SCHEDULED

BRIEF FOR APPELLEE

———————————————

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————————

No. 16-3076

———————————————

UNITED STATES OF AMERICA,                    Appellee,

v.

JAMES WENDELL BROWN,                    Appellant.


———————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————

<div style="margin-left:40%;">

CHANNING D. PHILLIPS
United States Attorney

ELIZABETH TROSMAN
ARI REDBORD
* LAUREN R. BATES, D.C. Bar #975461
Assistant United States Attorneys
* Counsel for Oral Argument
555 Fourth Street, NW, Room 8104
Washington, D.C. 20530
Lauren.Bates@usdoj.gov
(202) 252-6829

</div>

Cr. No. 12-CR-155 (RJL)

# CERTIFICATE OF PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), appellee hereby states as follows:

## Parties and Amici

The parties to this appeal are appellant, James Wendell Brown, and appellee, the United States of America. The same parties appeared below. There are no *amici*.

## Rulings Under Review

This is an appeal from the July 5, 2016, judgment in Criminal No. 12-155 (Hon. Richard J. Leon), following a resentencing on one count of distribution of child pornography. Appellant contends that the district court improperly varied upward from the applicable Guidelines range without sufficient justification. There is no official citation to the court's ruling.

## Related Cases

Appellee raised the same substantive claim for relief in an appeal from the June 27, 2013, judgment of the district court. On appeal, this

Court vacated appellee's sentence and remanded for resentencing. *See United States v. Brown*, 808 F.3d 865 (D.C. Cir. 2015). Appellant is unaware of any other related cases.

## STATUTES AND REGULATIONS

Pursuant to D.C. Circuit Rule 28(a)(5), appellee states that all pertinent statutes and regulations are contained in the attached Addendum.

# TABLE OF CONTENTS

COUNTERSTATEMENT OF THE CASE............................................. 1

    Counterstatement of the Facts ......................................................3

        The Offense Conduct ...................................................3

        Appellant's Guilty Plea................................................6

        Appellant's Initial Sentencing....................................8

        Appellant's First Appeal...........................................10

        Appellant's Resentencing .........................................12

SUMMARY OF THE ARGUMENT ...............................................17

ARGUMENT ................................................................................18

    The District Court Did Not Err Procedurally or Substantively
    In Resentencing Appellant. ..........................................................18

        A.   Standard of Review and Applicable Legal Principles. .......18

        B.   Discussion .........................................................................20

            1.   The District Court Gave A Detailed Explanation
                For Its Above-Guidelines Sentence .............................21

            2.   The District Court's Sentence Was Not
                Substantively Unreasonable......................................29

CONCLUSION ..............................................................................32

# TABLE OF AUTHORITIES*

**Cases**

*Gall v. United States*, 552 U.S. 38 (2007) ......................................... 18, 23

*United States v. Akhigbe*, 642 F.3d 1078 (D.C. Cir. 2011) ....................25

*United States v. Angle*, 216 Fed. Appx. 557 (7th Cir. 2007)..................28

*United States v. Booker*, 543 U.S. 220 (2005) ........................................31

*United States v. Brown*, 808 F.3d 865 (D.C. Cir. 2015)............ 3, 6, 10, 25

*United States v. Coles*, 403 F.3d 764 (D.C. Cir. 2005) ...........................19

\* *United States v. Gardellini*, 545 F.3d 1089
 (D.C. Cir. 2008) ................................................................. 17, 21, 30, 31

*United States v. Gawthorp*, 310 F.3d 405 (6th Cir. 2002) .....................31

*United States v. Gomez*, 431 F. 3d 818 (D.C. Cir. 2005)........................19

*United States v. Jones*, 744 F.3d 1362 (D.C. Cir.),
 *cert. denied*, 135 S. Ct. 8 (2014) ...........................................................19

\* *United States v. Locke*, 664 F.3d 353 (D.C. Cir. 2011) ......... 19, 20, 21, 22

*United States v. Lucero*, 747 F.3d 1242 (10th Cir. 2014) ......................30

*United States v. McCaffrey*, 437 F.3d 684 (7th Cir. 2006)....................29

*United States v. Nicely*, 492 Fed. Appx. 119 (D.C. Cir. 2012) ...............25

---

\* Authorities upon which we chiefly rely are marked with asterisks.

*United States v. Ohlinger*, 141 Fed. Appx. 470 (7th Cir. 2005)..............29

*United States v. Olano*, 507 U.S. 725 (1993) ..........................................19

\* *United States v. Ransom*, 756 F.3d 770 (D.C. Cir. 2014) ................11, 26

*United States v. Rigas*, 583 F.3d 108 (2d Cir. 2009)..............................30

*United States v. Russell*, 600 F.3d 631 (D.C. Cir. 2010)........................19

*United States v. Saro*, 24 F.3d 283 (D.C. Cir. 1994)...............................19

*United States v. Ventura*, 650 F.3d 746 (D.C. Cir. 2011) .......................26

*United States v. Warren*, 700 F.3d 528 (D.C. Cir. 2013) ...... 18, 20, 22, 25

## Other References

18 U.S.C. § 2252A(a)(2) .........................................................................1, 6

18 U.S.C. § 3553 .............................................8, 13, 17, 18, 20, 22, 26, 30

U.S.S.G. § 2G2.2 ................................................. 2, 6, 7, 13, 16, 20, 28, 29

# Issue Presented

Whether the district court erred in sentencing appellant, where the district court gave a detailed explanation for the above-Guidelines sentence, including identifying the specific factors that it considered under 18 U.S.C. § 3553(a).

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

No. 13-3062

———————————

UNITED STATES OF AMERICA,                                    Appellee,

v.

JAMES WENDELL BROWN,                                    Appellant.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————

BRIEF FOR APPELLEE

———————————

## COUNTERSTATEMENT OF THE CASE

On July 6, 2010, the United States charged appellant by
information with distribution of child pornography in violation of 18
U.S.C. § 2252A(a)(2) (App. 12-13).[1] On January 30, 2013, appellant
pleaded guilty to that charge pursuant to a written plea agreement (App.

---

[1] "App." refers to the appendix filed by appellant.

4-5). On June 19, 2013, the Honorable Richard J. Leon issued an oral order vacating the January 30, 2013, guilty plea and accompanying plea agreement (App. 6). That same day, appellant again pled guilty to one count of distribution of child pornography (App. 6), pursuant to an amended plea agreement with the United States (App. 14-22).[2] A sentencing hearing was held before Judge Leon on June 26, 2013 (Ap. 6-7). Appellant was sentenced to 144 months of incarceration, to be followed by 240 months of supervised release (App. 6-7). Appellant appealed his sentence (App. 7).

On appeal, appellant argued that: (1) his above-Guidelines sentence should be set aside because the trial judge did not understand which specific offense characteristics were included in the Guidelines calculation to which the parties stipulated in the second plea agreement; (2) the trial judge did not adequately explain the reasons for the above-Guidelines sentence; and (3) the sentence was substantively

---

[2] After appellant pleaded guilty on January 30, 2013, the parties determined that the four-level increase to appellant's base offense level under U.S.S.G. § 2G2.2(b)(4) did not apply. Accordingly, the amended plea agreement removed this enhancement from the stipulated offense level.

unreasonable. *United States v. Brown*, 808 F.3d 865, 867 (D.C. Cir. 2015). This Court rejected appellant's first argument, but found that "the District Court's explanation of the above-Guidelines sentence was insufficient as a procedural matter under § 3553(c)(2)." *Id.*[3] Accordingly, this Court vacated appellant's sentence and remanded for resentencing. *Id.*

At the June 8, 2016, resentencing hearing, Judge Leon resentenced appellant to 144 months of incarceration, to be followed by 240 months of supervised release (App. 11, 49-54, 169). Appellant noted a timely appeal on June 16, 2016 (App. 55).

## Counterstatement of the Facts

### *The Offense Conduct*

Appellant acknowledged as part of his plea agreement that the Statement of Offense proffered by the government "fairly and accurately describe[d] [his] actions and involvement in the offense to which [he was] pleading guilty" (App. 15). The Statement of Offense that appellant signed included the following information:

---

[3] This Court did not address appellant's challenge to the substantive reasonableness of his sentence. *Brown*, 808 F.3d at 867.

3

On March 5, 2012, appellant initiated a private instant message chat with Metropolitan Police Department Detective Timothy Palchak, who was operating in an undercover capacity (App. 23). During the course of the online conversation, appellant stated that his preference was for ages "3-8 best . . . love them flat and smooth" and explained that he " used to enjoy my grand daughter but she was taken from me a year ago . . . I only got her to do oral on me . . . her grandma was always to[o] close to do anymore" (App. 23-24). Appellant further explained that "every time I could I would pull it out and she would just run up and take it in her little mouth" (App. 24-25). Appellant added that he "started m[]ine at 2 ½ training her . . . at 3 ½ she could deep throat me . . . she had no gag reflex . . . I used her mouth until 5 when she was taken from me" (App. 24). Appellant informed the undercover officer that he was "looking for a new playmate" and discussed the possibility of meeting the undercover officer and his 12 year-old daughter on March 9, 2012, for purposes of engaging in sexual acts with the purported 12 year-old girl (*id.*). During the online conversation, appellant sent the undercover officer three images of child pornography: (1) a close-up view of a female vagina that appears to be of a child under the age of 18; (2) an image

depicting two prepubescent female children masturbating an adult male penis; and (3) an image of two prepubescent female children, both nude with an adult male, with one performing oral sex on the adult male's penis and the other kissing the adult male on the mouth (App. 24-25).

During the course of a subsequent investigation, members of the FBI Child Exploitation Task Force confirmed that appellant was under investigation for sexual abuse charges in Fauquier County, Virginia involving his two granddaughters (App. 25). Specifically, appellant's older granddaughter had disclosed that appellant made her sit on his lap on multiple occasions while he rubbed his clothed penis on her buttocks and that he had rubbed his hands on her unclothed buttocks on more than one occasion (App. 25-26). A witness also reported that she had observed appellant lying in bed with his other granddaughter sitting on his lap and straddling him (App. 26). Finally, the government learned that appellant's biological daughter had alleged that appellant sexually abused her when she was approximately 3 years-old (*id.*).[4]

---

[4] Appellant conceded that the government could prove these incidents of abuse by clear and convincing evidence (App. 26).

### *Appellant's Guilty Plea*

On June 19, 2013, appellant and the United States entered into a written pre-indictment plea agreement (App. 14-22).[5] Pursuant to the plea agreement, appellant agreed to plead guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (App. 14). The government agreed that appellant would "not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense"; that "the United States' Attorney's Office for the Eastern District of Virginia agrees not to prosecute [appellant] for the offenses of possession and/or receipt of child pornography"; and that "the Commonwealth Attorney for Fauquier County, Virginia agrees not to prosecute [appellant] for the offenses of possession or receipt of child

---

[5] Appellant had previously pleaded guilty to distribution of child pornography on January 30, 2013, pursuant to an earlier written plea agreement (App. 4). However, the parties later determined that the four-level increase to appellant's base offense level under U.S.S.G. § 2G2.2(b)(4) for offenses involving material that portrays sadistic or masochistic conduct or other depictions of violence that was included in the stipulated Guidelines calculation did not apply. *Brown*, 808 F.3d at 867. Accordingly, on June 19, 2013, the district court entered an order vacating the January 30, 2013, plea agreement and guilty plea and, that same day, appellant and the United States entered into an amended written pre-indictment plea agreement (App. 6).

pornography in connection with the materials found during the search of [appellant's] seized computer and further agrees not to prosecute [appellant] based on allegations of child sexual abuse made by [appellant's] daughter or grand-daughters as set forth in the Statement of the Offense" (App. 15).

The plea agreement also discussed the guidelines and policies promulgated by the United States Sentencing Commission (App. 15). The parties stipulated to the following offense level calculations, noting that the court was not bound by the Sentencing Guidelines and that the court could impose any sentence, up to and including the statutory maximum sentence (App. 15, 17):

**Section 2G2.2**

Estimated Base Offense Level                            22

Applicable Specific Offense Characteristics

2G2.2(b)(2) - offense involved prepubescent minors
    or minors under 12                                   +2

2G2.2(b)(3)(F) - distribution other than described in
    A through E                                          +2

2G2.2(b)(6) - offense involved use of a computer        +2

2G2.2(b)(5) - offense involved pattern of activity
    involving the sexual abuse or exploitation
    of a minor                                           +5

**Acceptance of Responsibility**                    -3

**Total**                          **30 (97-121 months)**

At the June 19, 2013, plea hearing, appellant acknowledged that he had read, understood, and signed the amended plea agreement, information, and Statement of Offense (6/19/13 Tr. 9-10, 13-14//App. 64-65, 68-69). Appellant further acknowledged that he understood that "the sentence is up to the Court and that the Guidelines are only one consideration that the Court will take into account along with the 3553(a) factors" (*id.* at 15-16//App. 70-71). Following the Rule 11 colloquy, the court accepted appellant's guilty plea (*id.* at 22//App. 77).

### *Appellant's Initial Sentencing*

Judge Leon conducted a sentencing hearing on June 26, 2013 (App. 6-7). At the outset, the government confirmed that it had agreed as part of the plea agreement not to oppose a sentence at the low end of the applicable Guidelines range and requested that the court sentence appellant to 97 months of incarceration (6/26/13 Tr. 4//App. 85).[6] The district court expressed concern about whether a sentence of 97 months

---

[6] This concession is not reflected in the written plea agreement.

was sufficient given the nature of the conduct involved in this case and the fact that authorities in Virginia had agreed to forego prosecution for appellant's conduct in Virginia as part of the plea agreement (*id.* at 4-8//App. 85-89).

> The district court explained:

> This is a very unusual case. I've been on this court 11 years. This is not a normal case. This is a case that has not only interstate transmission of these images. We get some of those. . . . Then we get some cases where there's predatory conduct i.e., people looking to get access to infants, children and looking for others to help them get to them. We get that here, too. . . . But here we have not only those two elements we have a third. We have an admitted track record of molesting children by his own admission. He's acknowledged. Government's got the evidence. And based upon his acknowledgement of that the authorities in Virginia both federal and state have taken a pass in this case in their . . . jurisdiction. (*Id.* at 7-8.)

The district court explained that appellant was "a danger to the public" who engaged in conduct that was "deserving of serious punishment" (6/26/13 Tr. 33-34//App. 114-15). Thus, the court viewed this case as one "that require[s] at a minimum the high end of the guideline range if not a variance" (*id.* at 35//App. 116). Specifically, the district court stated:

> In my judgment, this is one of those unusual cases that requires a variance upward. In my judgment, 121 is not

9

enough. A higher sentence is warranted here to reflect the seriousness of your conduct, to punish you appropriately, to protect the public and to deter others who may be similarly inclined. (*Id.* at 37//App. 118.)

Accordingly, the district court sentenced appellant to 144 months of incarceration, to be followed by 240 months of supervised release (*id.* at 38//App. 119).

### *Appellant's First Appeal*

Appellant appealed his sentence (App. 7). On appeal, appellant argued that: (1) his above-Guidelines sentence should be set aside because the trial judge did not understand which specific offense characteristics were included in the Guidelines calculation to which the parties stipulated in the second plea agreement; (2) the trial judge did not adequately explain the reasons for the above-Guidelines sentence; and (3) the sentence was substantively unreasonable. *Brown*, 808 F.3d at 867. This Court rejected appellant's first argument, but found that "the District Court's explanation of the above-Guidelines sentence was insufficient as a procedural matter under § 3553(c)(2)." *Id.* Specifically, this Court found that "the District Court never articulated the specific reason why he found [appellant's] conduct . . . more harmful or egregious

than the typical case accounted for in the properly calculated Guidelines range." *Id.* at 871 (internal quotation marks and citation omitted). This Court recognized that "'it is not error for a district court to enter sentencing variances based on factors already taken into account by the Advisory Guidelines'" where the District Court "demonstrate[s] how the case before it is one with respect to 'which the Guidelines do not fully account for those factors.'" *Id.* at 873 (quoting *United States v. Ransom*, 756 F.3d 770, 775 (D.C. Cir. 2014)). However, this Court explained that here:

> In both its in-court and written explanations, the District Court listed the § 3553(a) factors informing its thinking and provided a brief and unparticularized description of [appellant's] criminal conduct. But in neither statement did the court explain (let alone explain with specificity) why [appellant's] conduct, assessed in light of the § 3553(a) factors, was more harmful or egregious than that addressed by the properly calculated Guidelines range. Moreover, the District Court never in any way addressed its particular choice of sentence—one that exceeds the high end of the Guidelines range by 23 months and the term of imprisonment sought by the Government by 47 months.

*Id.* at 874. Accordingly, this Court found that "the District Court's in-court and written statements" were "clearly insufficient" and therefore vacated appellant's sentence and remanded for resentencing. *Id.* Because this Court was "unable to discern the sentencing judge's rationale for

11

imposing an above-Guidelines sentence," it was "unable to address" appellant's challenge the substantive reasonableness of his sentence. *Id.* at 867.

### Appellant's Resentencing

A resentencing hearing was held before Judge Leon on June 8, 2016 (App. 11). At that hearing, Judge Leon again sentenced appellant to 144 months of incarceration, to be followed by 240 months of supervised release (6/8/16 Tr. 40//App. 169).

At the outset of the hearing, the district court explained its view that "[t]his is not a normal case" given appellant's "pattern of touching, sexually abusing prepubescent children . . . . five years old or younger" (6/8/16 Tr. 5//App. 134). The district court also noted that "[t]here's also something else that's unusual about this case, in my experience. This is a defendant where there was a global settlement. This is a defendant who was not only culpable in this District for what he did in this District, but he was culpable in the Eastern District of Virginia for potential criminal offenses there, and in a county in Virginia, where he sexually abused children, his grandchildren and child . . . . So by virtue of his plea in this

jurisdiction, he was able to avoid prosecution and punishment in two other districts." (*Id.* at 8//App. 137.)[7]

Appellant argued that this case was "within the homeland" of the conduct accounted for by the Guidelines and "that the guidelines themselves do adequately address all of [the § 3553(a)] factors" (6/8/16 Tr. 15-17//App. 144-46). The district court, however, pointed out that Application Note 1 to § 2G2.2(b)(5) provides that "[a]n upward departure may be warranted if the defendant received an enhancement under . . . Subsection (b)(5), but that enhancement does not adequately reflect the seriousness of the sexual abuse or exploitation involved" (*id.* at 26//App. 155).

After hearing from the parties, the district court explained "the reasons, which are multitude, why this case is more harmful and egregious than the typical case" (6/8/16 Tr. 32//App. 161). The district court found that the enhancement for an offense involving a pattern of activity involving the sexual abuse or exploitation of a minor did "not

---

[7] In response to appellant's arguments, the district court agreed that the "test as to whether or not something's egregious" is "not whether it is unusual for the District of Columbia" (6/8/16 Tr. 13//App. 142).

adequately reflect the seriousness of the sexual abuse or exploitation involved" here because appellant: (1) had bragged about sexually abusing his granddaughter and had acknowledged that from the time his granddaughter was "two and a half years old . . . until 5," "[e]very time [he] could, [he] would pull it out, and she would just run up and take it in her little mouth"; (2) "acknowledge[d] that the abuses would have been more serious and more frequent but for outside forces"; (3) conceded that the government could prove that he had also sexually abused his daughter when she was three years old; (4) told the undercover officer that he was "looking for a new playmate," that is, "a child three to eight years old; (5) "inquired about and discussed logistics of engaging in sexual acts with the undercover's purported 12-year-old child"; and (6) "sen[t] three images of child pornography to the undercover agent" (*id.* at 33-37//App. 162-166). The district court further explained that appellant had engaged in a "particularly egregious" pattern of activity that warranted an upward variance given "[t]he young ages of these victims . . . , and frequent abuse of them . . . over such a period of time, [and] this betrayal and abuse of trust of someone who was supposed to be protecting his own daughters and granddaughters" (*id.* at 36-37//App. 165-66).

14

The district court then discussed why the declinations of prosecution also warranted an above-Guidelines sentence (6/8/16 Tr. 37-40//App. 166-169). The district court noted that as part of the plea agreement in this case, "the U.S. Attorney's Office for the Eastern District of Virginia agreed not to prosecute [appellant] for the offenses of possession and/or receipt of child pornography" and "[t]he commonwealth's attorney for Fauquier County also agreed not to prosecute [appellant] for the offenses of possession or receipt of child pornography in connection with the materials found during the search of [appellant's] seized computer, and agreed not to prosecute [appellant] based on allegations of child sex abuse by [his] daughter or granddaughters" (*id.* at 39//App. 168). Thus, the district court explained that it "[i]n essence . . . sits in the position of those courts, effectively speaking, and needs to fashion a sentence . . . that [] justly punishes [appellant] for [his] conduct over a sustained period of time, deters [appellant] and others from engaging in this kind of conduct in the future, and protects the community from predatory, prepubescent child molestation" (*id.* at 39-40//App. 168-69).

After the district court resentenced appellant, appellant's counsel

indicated that she did not have any questions and stated:

> I do wish to preserve two objections. One, that we do still
> believe that the conduct was not so egregious as to take it
> outside the heartland of offenses contemplated by the
> Guidelines. And, second, that the 5-point enhancement for a
> pattern of conduct we believe was sufficient to cover the
> conduct in the state of Virginia, and we just wish to preserve
> those objections for the record, Your Honor. (6/8/16 Tr.
> 43//App. 172.)

The district court subsequently issued a written Statement of

Reasons in connection with the resentencing (App. 54).[8] In it, the district

court again explained its view that that appellant's "[h]ands on sexual

abuse of extremely young children . . . over a sustained period of time"

was "extreme and egregious" and that the five-level enhancement under

§ 2G2.2(b)(5) "did not adequately reflect the seriousness and frequency of

the sexual abuse, the young age of the victims, and the abuse of trust by

someone who was supposed to be protecting his own daughters and

granddaughters" (App. 54). The district court also explained that because

"this defendant was permitted to resolve his conduct in two other

jurisdictions with his plea here," "the Court believes he would have

---

[8] The written Statement of Reasons is ordinarily sealed, but appellant
has included it in the appendix filed with his brief (App. 53-54).

16

received a much more severe sentence in those two districts combined than is reflected in the guideline enhancement" (*id.*).

## SUMMARY OF THE ARGUMENT

The district court did not commit plain error procedurally, or any error substantively, in resentencing appellant to an above-Guidelines sentence of 144 months of incarceration. The district court properly considered the § 3553(a) factors, gave a detailed and individualized explanation for its above-Guidelines sentence, and identified the specific factors upon which it relied. In selecting appellant's above-Guidelines sentence, it was not error for the district court to consider the conduct that formed the basis for the five-point pattern-of-activity enhancement. Thus, the court committed no procedural errors. Finally, in light of the totality of appellant's conduct and the specific circumstances of his offenses, appellant's sentence was "not so unreasonably high . . . as to constitute an abuse of discretion by the district court," *United States v. Gardellini*, 545 F.3d 1089, 1098 (D.C. Cir. 2008), and thus is substantively reasonable as well.

# ARGUMENT

## The District Court Did Not Err Procedurally or Substantively In Resentencing Appellant.

### A.    Standard of Review and Applicable Legal Principles.

Appellate review of sentencing decisions "is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. 38, 46 (2007). This Court analyzes the reasonableness of a sentence in two steps; first, it "ensures that the district court committed no significant procedural error," such as "improperly calculating[] the Guidelines range," "selecting a sentence based on clearly erroneous facts," or "failing to adequately explain the chosen sentence." *Id.* at 51. If the sentence is procedurally sound, the Court then "consider[s] the substantive reasonableness of the sentence." *Id.* at 51; *see also United States v. Warren*, 700 F.3d 528, 531 (D.C. Cir. 2013) (this Court reviews "the overall reasonableness of the sentence to ensure that it is objectively reasonable in light of the sentencing factors in [18 U.S.C. § 3553(a)]").

In this two-step process, purely legal questions are reviewed de novo, and factual findings are reviewed for clear error, with due deference given to the district court's application of the Guidelines to the facts.

18

*United States v. Jones*, 744 F.3d 1362, 1366 (D.C. Cir.), *cert. denied*, 135 S. Ct. 8 (2014). A claim of sentencing error not raised in the trial court is reviewed for plain error. *United States v. Locke*, 664 F.3d 353, 356 (D.C. Cir. 2011); *United States v. Gomez*, 431 F. 3d 818, 822 (D.C. Cir. 2005).

In order to reverse a sentencing determination under this standard there must be (1) error, (2) that is plain, and (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Coles*, 403 F.3d 764, 767 (D.C. Cir. 2005). Plain error only exists when the error is "obvious." *United States v. Olano*, 507 U.S. 725, 734 (1993). "[A]n appellant seeking to show that an error in the sentencing context has 'affect[ed] substantial rights' must demonstrate 'a reasonable likelihood that the sentencing court's obvious errors affected his sentence.'" *Gomez*, 431 F.3d at 818 (quoting *United States v. Saro*, 24 F.3d 283, 288 (D.C. Cir. 1994)).

This Court reviews "claims of substantive unreasonableness for abuse of discretion, regardless of whether an objection on those terms was made." *United States v. Russell*, 600 F.3d 631, 633 (D.C. Cir. 2010) ("Substantive reasonableness is the catch-all criterion under which the reviewing court monitors (deferentially - for abuse of discretion) whether

the district court has given reasonable weight to all the factors required to be considered"). 18 U.S.C. § 3553(c) does not require "a full opinion in every case" or "the court to address expressly each and every argument advanced by the defendant." *Locke*, 664 F.3d at 357. "In fact, so long as the judge provides a 'reasoned basis for exercising his own legal decisionmaking authority,' [this Court] generally presume[s] that he adequately considered the arguments and will uphold the sentence if it is otherwise reasonable." *Id.* at 358 (citations omitted). This Court will also "ordinarily presume a district court imposing an alternative non-guideline sentence took into account all the factors listed in § 3553(a) and accorded them the appropriate significance." *Warren*, 700 F.3d at 533 ("Warren 'has proffered nothing to rebut that presumption'") (citing *Locke*, 664 F.3d at 358).

## B.    Discussion

Appellant claims (at 13-14) that the district court erred by imposing an above-Guidelines sentence based on "factors already considered in the applicable Guidelines range." Specifically, appellant contends (at 19) that the district court failed to "explain why the incidents used to justify the § 2G2.2(b)(5) adjustment were serious enough to justify" the sentence

imposed here. To the extent appellant is alleging that the district court erred procedurally in resentencing appellant, that claim is reviewed only for plain error because appellant "did not challenge the adequacy of the district court's statement of reasons below." *Locke*, 664 F.3d at 357. Appellant cannot show error, much less plain error, in this respect. Appellant also cannot show that the district court abused its discretion by resentencing appellant because, "in light of the circumstances of the offense and offender," the 144-month, above-Guidelines sentence was "not so unreasonably high . . . as to constitute an abuse of discretion by the district court." *Gardellini*, 545 F.3d at 1093.

## 1.    The District Court Gave A Detailed Explanation For Its Above-Guidelines Sentence

Any claim that the district court erred because it failed to explain the reasons for re-imposing an above-Guidelines sentence of 144 months is reviewed for plain error because appellant did not object on this basis at sentencing. Although appellant "preserve[d] two objections" at the conclusion of the resentencing (6/8/13 Tr. 43//App. 172), he "did not challenge the adequacy of the district court's statement of reasons" and therefore failed to preserve an argument that the district court

21

committed procedural error. *Locke*, 664 F.3d at 357. Instead, appellant's objections were to the overall substantive reasonableness of the sentence given the five-point pattern-of-activity enhancement.

Appellant cannot show error, much less plain error, because the district court gave a detailed explanation for its above-Guidelines sentence, including identifying specific factors that it considered under 18 U.S.C. § 3553(a), both at the sentencing hearing in open court, and in its written Statement of Reasons.

"The Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., requires the district court to explain, at the time of sentencing and in open court, its reasons for the defendant's sentence." *Warren*, 700 F.3d at 531 (citing *Lock*e, 664 F.3d at 357). "Additionally, if a sentence 'is not of a kind, or is outside the range, described in [the Guidelines],' the court must state the specific reason for the imposition of a sentence different from that described." *Id.* (quoting 18 U.S.C. § 3553(a)). As this Court explained, this requirement ensures that there is an "adequate record so that appellate courts can perform substantive review" and guarantees "that sentencing judges continue to consider every convicted person as an individual." *Id.* (citation omitted).

At the resentencing hearing and in its written Statement of Reasons, the district court adequately explained its sentencing decision and stated specific reasons for the above-Guidelines sentence that are "sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. The district court found that "this case is more harmful and egregious than the typical case" because, in addition to distributing three images of child pornography, appellant had engaged in a "particularly egregious" pattern of activity that warranted an upward variance (6/8/16 Tr. 36-37//App. 165-66; *see also* App. 54). Specifically, the district court found that appellant had repeatedly sexually abused his granddaughter when she was between the ages of two-and-a-half and five years old, appellant had sexually abused his daughter years earlier when she was three years old, and appellant had "inquired about and discussed logistics of engaging in sexual acts with the undercover's purported 12-year-old child" (*id.* at 33-37//App. 162-66). The district court emphasized the "young ages of these victims," the "frequent abuse . . . over such a period of time," and the "betrayal and abuse of trust of someone who was

supposed to be protecting his own daughters and granddaughters" (*id.* at 36-37//App. 165-66; *see also* App. 54).[9]

The district court also explained that an above-Guidelines sentence was warranted because authorities in Virginia had agreed to forego prosecution for appellant's conduct in Virginia as part of the plea agreement (6/8/16 Tr. 37-40//App. 166-69). The court recognized that appellant would not be prosecuted for his sexual abuse of his granddaughters or daughter, or for possession and/or receipt of child pornography in Virginia, and stated its belief that appellant "would have received a much more severe sentence in those two districts combined than is reflected in the guideline enhancement" (App. 54). Accordingly, the district court explained that it "need[ed] to fashion a sentence . . . that [] justly punishes [appellant] for [his] conduct over a sustained period of time, deters [appellant] and others from engaging in this kind of conduct

---

[9] Appellant suggests (at 18) that the district court had a "mistaken and unsupported belief" that the relevant inquiry was whether "the conduct is 'rare' and 'usual' in the District of Columbia." However, the district court made clear that it understood that rarity in this jurisdiction "is not the test as to whether or not something's egregious" (6/8/16 Tr. 13//App. 142).

in the future, and protects the community from predatory, prepubescent child molestation" (6/8/16 Tr. 39-40//App. 168-69).

Appellant's reliance (at 19-20) on *United States v. Akhigbe*, 642 F.3d 1078 (D.C. Cir. 2011), is misplaced. As this Court noted in *Warren*, the district court in *Akhigbe* gave "no individualized reasoning as to why [it] believed a sentence of 12 months above the Guideline range was appropriate for this particular defendant." *Warren*, 700 F.3d at 532. By contrast here, the district court's comments at the resentencing hearing and in the written Statement of Reasons clearly reflect a meaningful discussion of the factors that justified a variance and provided specific and individualized reasons why appellant's conduct was "more harmful or egregious than the typical case." *Brown*, 808 F.3d at 871-72 (quoting *United States v. Nicely*, 492 Fed. Appx. 119, 121 (D.C. Cir. 2012)).

Appellant claims (at 13-20) that the district court improperly relied on appellant's prior conduct in Virginia to justify an upward variance because that conduct was "already considered in the applicable Guidelines range." However, in selecting appellant's above-Guidelines sentence, the district court made clear that it considered not simply the fact that appellant had engaged in two or more separate instances of the

25

sexual abuse or sexual exploitation of a minor,[10] but "the reasons, which are multitude, why this case is more harmful and egregious than the typical case" and why the pattern-of-activity enhancement did "not adequately reflect the seriousness of the sexual abuse or exploitation involved" here (6/8/16 Tr. 32, 36-37//App. 161, 165-66). Appellant did not dispute the court's characterization of his past conduct and the court did not err in considering it in imposing an above-Guidelines sentence. *See, e.g.*, *Ransom*, 756 F.2d at 775 ("it is not error for a district court to enter sentencing variances based on factors already taken into account by the Advisory Guidelines, in cases in which the Guidelines do not fully account for those factors, or when a district court applies broader § 3553(a) considerations in granting the variance.") (internal quotation and citation omitted); *United States v. Ventura*, 650 F.3d 746, 748-49 (D.C. Cir. 2011) (District court did not err in imposing a sentence of 42 months above the guidelines range based on its consideration of the underlying

---

[10] Application Note 1 to § 2G2.2 defines a "[p]attern of activity involving the sexual abuse or exploitation of a minor" as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct."

26

facts of defendant's prior conviction, where those facts were outlined in the PSR and undisputed by the defendant and where the conviction itself had resulted in an eight-level increase in defendant's base offense level to determine the guideline range).

The district court also properly considered the fact that Virginia authorities agreed to forego prosecution of appellant's other offenses involving the sexual abuse or sexual exploitation of minors. Appellant would have been eligible for the pattern-of-activity enhancement even without such a declination of prosecution. As Application Note 1 to § 2G2.2 makes clear, the enhancement applies "whether or not the abuse or exploitation . . . resulted in a conviction for such conduct." Thus, there is no merit to appellant's unsupported suggestion (at 14) that for the district court to "have considered [an] upward variance, to account for what it considered to be otherwise unpunished conduct, or benefits conferred by other jurisdictions," the district court should have "stripped the agreed-upon range of the enhancement that had already applied for that conduct, and started at a range of 57-71 months (level 25)." Appellant could have received the pattern-of-activity enhancement in this case and *also* been prosecuted and sentenced separately in Virginia

27

– but he was not. As the district court recognized, the fact that appellant, by virtue of the plea agreement, would not be prosecuted in Virginia was a fact that the district court could consider in fashioning an appropriate sentence here (6/8/16 Tr. 39-40//App. 168-69; *see also* App. 54).

Accordingly, this case is unlike *United States v. Angle*, 216 Fed. Appx. 557 (7th Cir. 2007), a case cited by appellant (at 22-23) where the district court imposed a sentence of 300 months – 179 months above the high-end of the applicable Guidelines range – without adequately explaining "why the incidents it used to justify the § 2G2.2(b)(5) adjustment are serious enough to also justify a 300-month sentence." *Id.* at 561. In *Angle*, unlike here, the district court did not "suggest[] that there is anything unusual about the incidents that makes them more egregious than sexual exploitation of children generally." *Id.* Moreover, the defendant in *Angle* had been *convicted of* both of the prior incidents of sexual abuse that the district court relied on, whereas here, appellant received a declination of prosecution as part of his plea agreement. *Id.* at 560-61.

Appellant's reliance (at 18-23) on *Angle* and other cases involving the imposition of an upward departure under Application Note 7

28

(previously Application Note 6) is also misplaced given that the district court did not impose an upward departure here, but rather varied from the applicable Guidelines range (App. 53). *See, e.g., United States v. McCaffrey*, 437 F.3d 684, 688-89 (7th Cir. 2006) (upholding the district court's decision to impose both a § 2G2.2(b)(5) adjustment and an adjustment for failure of criminal history category to adequately reflect defendant's criminal history); *United States v. Ohlinger*, 141 Fed. Appx. 470, 472 (7th Cir. 2005) (upward departure appropriate where "defendant's criminal history is significantly more serious than most defendants in the Criminal V area," because it did not adequately reflect convictions for child molestation in 1981 and 1983, and a complaint in 1987). "Accordingly, the district court did not procedurally err, much less plainly err, in imposing an above-Guidelines sentence.

## 2. The District Court's Sentence Was Not Substantively Unreasonable.

For the same reasons, appellant's 144-month sentence was not substantively unreasonable. After outlining appellant's "particularly egregious" conduct and the benefits he received as part of the plea agreement, the district court concluded it "needs to fashion a sentence . . .

that [] justly punishes [appellant] for [his] conduct over a sustained period of time, deters [appellant] and others from engaging in this kind of conduct in the future, and protects the community from predatory, prepubescent child molestation" (6/8/16 Tr. 39-40//App. 168-69). Thus, the district court gave reasonable weight to the relevant § 3553(a) factors and "in light of the circumstances of the offense and offender," appellant's sentence was "not so unreasonably high . . . as to constitute an abuse of discretion by the district court." *Gardellini*, 545 F.3d at 1092-93 (recognizing that "the Supreme Court has emphasized the discretion of district courts to sentence within or outside the Guidelines – and has stressed the corresponding need for appellate court deference regardless of whether a sentence is within or outside the Guidelines"); *see also United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (analogizing substantive unreasonableness review to manifest-injustice and shocks-the-conscience standards). [11]

---

[11] Appellant cites (at 22) to two cases to support the proposition that the defendants in those cases received "lower sentences . . . with fact patterns much like that of appellant here, with sentences in the range of 63 to 78 months, with no upward departures imposed." Neither case supports appellant's argument. In *United States v. Lucero*, 747 F.3d 1242, 1244 (10th Cir. 2014), the applicable Guidelines range was significantly lower

than appellant's – 78 to 92 months as compared to 97-121 months. Moreover, it appears that the facts that supported the pattern-of-activity enhancement in that case were far less egregious than here. *Id.* at 1245 (stating that "[t]he PSR applied this enhancement based on the two separate occasions on which Mr. Lucero admitted to having sexually touched his minor nieces" more than 35 years earlier and noting that the defendant had contended that "any pattern of activity in [his] conduct 'was broken when [he] was confronted by his family and got treatment for his issues [in the 1980s]'"). In *United States v. Gawthorp*, 310 F.3d 405 (6th Cir. 2002), the defendant had been convicted of sexually abusing his granddaughter on *one occasion* in Michigan state court and sentenced to 81 months to 20 years in prison and had also previously pled guilty to criminal sexual conduct in 1988 for molesting his daughter, and was sentenced to five years of probation. *Id.* at 407. Accordingly, unlike appellant, the defendant in *Gawthorp* was separately prosecuted for the incidents that supported the pattern-of-activity enhancement. Indeed, Gawthorp was effectively sentenced to 136 months to over 24 years in prison because 55 months of his 70-month federal sentence were ordered to run consecutive to his state sentence for sexually abusing his granddaughter.

Finally, appellant's suggestion (at 16) that the Guidelines "insist[] that defendants in the entire country be treated equally," may overstate the role of the advisory Guidelines post-*United States v. Booker*, 543 U.S. 220 (2005). As this Court has recognized, the post-*Booker* "sentencing regime inevitably will lead to sentencing disparities and inequities that can be explained by little more than the identities of the sentencing judges," but it is not this Court's "role to fight a rear-guard action to preserve quasi-mandatory Guidelines." *Gardellini*, 545 F.3d at 1096.

# Conclusion

WHEREFORE, the government respectfully submits that the judgment of the District Court should be affirmed.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney

ELIZABETH TROSMAN
ARI REDBORD
Assistant United States Attorneys

$\underline{\hspace{2cm} /s/ \hspace{2cm}}$
LAUREN R. BATES, D.C. Bar #975461
Assistant United States Attorney
555 Fourth Street, NW, Room 8104
Washington, D.C. 20530
Lauren.Bates@usdoj.gov
(202) 252-6829

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(g) that this brief contains 6,325 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and D.C. Circuit Rule 32(e)(1), and therefore complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B). This brief has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
LAUREN R. BATES
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing Brief for Appellee to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Barbara E. Kittay, Esq., 11140 Rockville Pike, Suite 100-284, Rockville, Maryland 20852, on this 17th day of January, 2017.

/s/
LAUREN R. BATES
Assistant United States Attorney