ORAL ARGUMENT NOT YET SCHEDULED
REPLY BRIEF FOR APPELLANT
_____

# No. 16-3076
_____

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

UNITED STATES OF AMERICA,                     Appellee,

    v.

JAMES WENDELL BROWN,                          Appellant.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____

**REPLY BRIEF FOR APPELLANT**
_____

                        Barbara E. Kittay, Esquire
                        Counsel for Appellant
                        (Appointed by the Court)
                        D.C. Bar Number 414216

                        11140 Rockville Pike
                        Suite 100-284
                        Rockville, Maryland  20852
                        (301) 468-1817
                        bkittay@verizon.net

Crim. No. 12-CR-155 (RJL)

# **I N D E X**

                                                        Page

SUMMARY OF THE ARGUMENT IN REPLY . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . 2

    1. The correct standard of review is "deferential abuse-of-discretion," not "plain error" . . . . . . . . . . . . 2

    2. By any standard, the trial court's upward variance was unwarranted, notwithstanding a longer articulation of the same reasons. . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . 15

# **TABLE OF AUTHORITIES**

## **CASES**

*Gall v. United States*, 552 U.S. 38 (2007) . . . 9

*Rita v. United States*, 551 U.S. 338 (2007) . . . 10

\* *United States v. Angle*, 216 F. App'x 557
    (7th Cir. 2007) . . . . . . . . . . . . . . 11, 12

*United States v. Gardellini,* 545 F.3d 1089
    (D.C. Cir. 2008) . . . . . . . . . . . . . . 6-7

*United States v. Gawthorp*, 310 F.3d 405
    (6th Cir. 2002) . . . . . . . . . . . . . . . . 11

*United States v. Johnson,* 427 F.3d 423
    (7th Cir. 2005) . . . . . . . . . . . . . . . . 11

*United States v. Locke*, 664 F.3d 353
    (D.C. Cir. 2011) . . . . . . . . . . . . . . 5-6

*United States v. Lucero*, 747 F.3d 1242
    (10th Cir. 2014) . . . . . . . . . . . . . . . 11

*United States v. McCaffrey*, 437 F.3d 684
    (7th Cir. 2006) . . . . . . . . . . . . . . 11, 12

*United States v. Ohlinger,* 141 F. App'x 470
    (7th Cir. 2005) . . . . . . . . . . . . . . . . 11

*United States v. Ransom,* 756 F.3d 770
    (D.C. Cir. 2014) . . . . . . . . . . . . . . . 13

---

\*    Authorities upon which we chiefly rely are marked with asterisks.

## STATUTES AND OTHER REFERENCES

```
USSG §1A1.1  . . . . . . . . . . . . . . . . . 11
USSG §2G2.2(b)(5)  . . . . . . . . . . . . . . 12
USSG §2G2.2, Application Note 7  . . . . . . . 13

FRAP 32(a)(7)(C) . . . . . . . . . . . . . . . 14
FRAP 32(a)(7)(B)(ii) . . . . . . . . . . . . . 14
```

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 16-3076
_____

UNITED STATES OF AMERICA,                    Appellee,

v.

JAMES WENDELL BROWN,                         Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____

**REPLY BRIEF FOR APPELLANT**
_____

**SUMMARY OF THE ARGUMENT IN REPLY**

The government's claim to "plain error" review, here, ignores the repeated argument of appellant's counsel, at the sentencing hearing below, regarding the inadequacy of that the trial court's stated "reasons" for an upward variance, out-of-guidelines sentence (specifically, the trial court's view that the defendant's conduct and the disposition of his

case were "rare," "unusual," and "egregious"), based on counsel's argument that the "reasons" given by the trial court were unwarranted and, in any event, were more than adequately addressed by the specific adjustments and enhancements of the U.S. Sentencing Guidelines.

But by any standard of review, the trial court's upward variance was unreasonable, because appellant's conduct was no more serious than that of similar offenders, under this very serious Guideline, and because all of circumstances that the trial court cited as "unusual" were completely and explicitly addressed by Guidelines adjustments.

## ARGUMENT

1. **The correct standard of review is "deferential abuse-of-discretion," not "plain error."**

Throughout the sentencing hearing (which, as this Court is well-aware, was a re-sentencing following remand, based on this Court's findings, in the first appeal, that the trial court had

inadequately articulated its reasons for an upward variance), appellant's counsel argued that the reasons cited by the trial court were inadequate to justify an upward variance (*see, e.g.,* Sent'g II Tr. 14, 20, 26-27; JA 143, 149, 155-56).  But, the government appears to suggest, that counsel's manner of articulating objections at the conclusion of the sentencing hearing somehow waived procedural objections to the trial court's statement of reasons (*see* Brief for Appellee at 21-22).  The government is wrong.

At this second sentencing hearing, now under review in this appeal, it is true that the trial court used more words, by reading from the charging and plea documents (Sent'g II Tr. 32-40; JA 161-169).  The trial court also re-iterated its displeasure that the plea agreement "global[ly]" incorporated charges that might otherwise have been brought in other jurisdictions (*id.* at 8; JA 137).

What the government misconstrues, in its reflexive turn to "plain error," however, is that appellant's objection at the hearing (and argument here on appeal) is not that the record is void of words (purporting to be "reasons") for the sentence imposed; rather, it was and is that none of the stated reasons are appropriate or adequate to justify a sentence above the guidelines range, or a sentence so significantly greater than those imposed upon similar offenders.  To ensure that her point was clear, and perhaps excessively cautious that she had made herself understood, counsel articulated her objection with a different nuance, at the conclusion of the hearing:

> [I] do wish to preserve two objections. One, that we do still believe that the conduct was not so egregious as to take it outside the heartland of offenses contemplated by the Guidelines.  And second, that the 5-point enhancement for a pattern of conduct we believe was sufficient to cover the conduct in the state of Virginia, and we just wish to preserve those objections for the record[.]

(Sent'g II Tr. at 43).[1]

The government appears to believe that this is a different objection, and/or that it was made to the exclusion of all previous objections, because it argues that appellant "'did not challenge the adequacy of the district court's statement of reasons' and therefore failed to preserve an argument that the district court committed procedural error." (Brief for Appellee at 21-22, citing *United States v. Locke*, 664 F.3d 353, 357 (D.C. 2011)).[2]

The cases cited in support of the government's position are unavailing. In *United States v. Locke*

---

[1] Perhaps the government misconstrues counsel's use of the word "just" as limiting the intention of her objections. Indeed, the use of that word was an expression of frustration with what counsel perceived as discourtesy.

[2] Counsel is unaware of any rule or custom that suggests that additional objections, made at the conclusion of a sentencing hearing, cancel and replace all prior objections. If the government believes that counsel's additional remards so significantly diminished the effectiveness of appellant's appeal, perhaps it should agree to an immediate remand, under 28 U.S.C. §2255.

(a case in which the defendant received a within-the-Guidelines sentence), the defendant complained that "the district court did not explicitly address each of [her] arguments for a below-Guidelines sentence," even though, as this Court found, "[i]t did . . . explain the basis for the sentence it imposed." *United States v. Locke,* 684 F.3d 353, 356 (D.C. Cir. 2011).

The other case cited by the government, *United States v. Gardellini*, was a government appeal of a below-the-Guidelines sentence. *See* 545 F.3d 1089, 1090 (D.C. Cir. 2008). The full quotation from *Gardellini*, from which to government extracts the question: what is "not so unreasonably high . . . as to constitute an abuse of discretion by the district court," (*see* Brief for Appellee at 21, *quoting Gardellini,* 545 F.3d at 1093), actually sets forth the very test that the defendant, here, asked the district court to apply (and in which it refused to engage):

- 6 -

> In light of the facts and circumstances of the offense and the offender, is the sentence so unreasonably high or unreasonably low as to constitute an abuse of discretion by the district court? Analytical difficulty arises because determining whether a sentence is unreasonably high or unreasonably low raises a subsidiary question: Compared to what?

*United States v. Gardellini*, *supra*, 545 F.3d at 1093. Defendant offered numerous examples.

The defendant asked the district court to consider and compare cases from this and other federal Circuits -- all individually noted for the district court in the defendant's supplemental sentencing memorandum, noted again at the sentencing hearing, and set forth in detail for this Court, in appellant's initial brief -- because the district court has not ever explained why this case warrants a significant upward variance, in contrast to the other cases, in which far worse offenders, engaging in the same or worse conduct, received Guidelines sentences. *See* Defendant James Brown's Supplemental Memorandum in Aid of

-7-

Sentencing at 5-8, JA 43-46; Sent'g II Tr. 17, JA 146; Brief for Appellant at 19-23).  Rather than engage in this analysis, as suggested by this Court, in *Gardellini*, the district court rejected the argument as "silly" (Sent'g II Tr. 17, JA 146) and questioned counsel's "experiential basis" for arguing the frequency of "global" plea agreements, in this jurisdiction (*id*. at 19, JA 148).

    The record is clear that appellant did object to the adequacy of the trial court's stated "reasons," and asked for the basis upon which the district court could justify the upward variance when compared to similar offenders.  Appellant argues, therefore, that the government is in error, when it argues for a "plain error" standard of review.  Appellant believes that this Court should review *de novo* the appropriate application of the Guidelines, and should apply a "deferential abuse-of-discretion" standard to determine whether the sentence imposed by the trial court is

-8-

"reasonable," see *Gall v. United States*, 552 U.S. 38, 41 (2007).

> **2.  By any standard, the trial court's upward variance was unwarranted, notwithstanding a longer articulation of the same reasons.**

The government does not explain why the trial court's reading of the charges or the proffer submitted with the plea agreement provides any greater justification for the upward variance than before.  Indeed, the trial court once again completely disregarded the clear directive of the Supreme Court, which, even as it more recently has endeavored to provide trial courts with greater flexibility at sentencing, re-asserted with approval, the Guidelines's basic aims and principles:

> Congress "sought *uniformity* in sentencing by narrowing the wide disparity in sentences imposed by different federal courts for similar criminal conduct, "as well as *proportionality* in sentencing through a system that imposes appropriately different sentences for criminal conduct of different severity."

- 9 -

*Rita v. United States,* 551 U.S. 338, 349 (2007), *quoting* USSG §1A1.1, intro to comment, pt. A ¶2 (the Statutory Mission), and ¶3 (the Basic Approach) (emphasis in original).

Once again, appellant argues that the application of trial court's mistaken and unsupported belief that the defendant's conduct is "rare" and "usual" in the District of Columbia, is *precisely* the misapplication of discretion that the Guidelines were created to address, and is expected to accomplish, even in an advisory capacity.

The trial court again dismissed the Guidelines range at re-sentencing, took unnecessary offense to the "global" nature of the parties' agreement, and gave no serious consideration to the impact of the 5-level enhancement that the defendant accepted.

Finally, appellant argues, as he did in his first appeal, to the trial court on remand, and in his initial brief in this second appeal, that the trial court did not adequately credit or explain

why the "pattern-of-conduct" adjustment was insufficient, particularly when compared to cases and offenders whose criminal history and conduct was more serious. *See*, *e.g.*, *United States v. Lucero*, 747 F.3d 1242, 1251 (10th Cir. 2014); *United States v. Angle*, 216 F. App'x 557 (7th Cir. 2007); *United States v. McCaffrey*, 437 F.3d 684, 689 (7th Cir. 2006); *United States v. Johnson*, 427 F.3d 423, 424 (7th Cir. 2005); *United States v. Ohlinger*, 141 F. App'x 470, 472 (7th Cir. 2005); *United States v. Gawthorp*, 310 F.3d 405, 414 (6th Cir. 2002).

It is clear from the record that the trial court finds the sexual exploitation of children to be abhorrent. This is understandable. Nevertheless, the trial court should have appreciated that the applicable Guideline, here, addresses abhorrent behavior, and it should have then explored, as the Seventh Circuit suggested in

*Angle*, why it considered this case more egregious than "sexual exploitation of children generally":

> Although Angle was related to one of his victims, he is not comparable to a priest [as in *McCaffrey, supra*] who uses his religious position to hide his activities. The district court has also not suggested that there is anything unusual about the incidents that makes them more egregious than sexual exploitation of children generally. The district court may not use these incidents to support an above-range sentence on remand unless it gives a detailed explanation of why it thinks they were not sufficiently accounted for by the §2G2.2(b)(5) adjustment. For our part, however, we do not see anything in this record … to suggest that these incidents were so serious that they could justify both a §2G2.2(b)(5) adjustment and a sentence significantly above the guideline range.

*Id*. at 561. Here, the trial court has offered no adequate explanation why the "[pattern] enhancement does not adequately reflect the seriousness of the sexual abuse or exploitation involved" (*see* USSG §2G2.2, Application Note 7). It has provided no "individualized reasoning" supporting a degree of variance adding nearly two years to the top-end of the advisory sentence for all other such offenders.

- 12 -

Appellant came before the court with no prior criminal history, accepting responsibility for all of his conduct, remorseful, and fully compliant with rehabilitation efforts.  *Compare United States v. Ransom*, 756 F.3d 770, 774-75 (D.C. Cir. 2014). He asks this Court to find, therefore, that the trial court has exceeded its authority, and has again imposed an unwarranted, inadequately justified, unreasonable sentence.

## **CONCLUSION**

For all of the reasons set forth herein, appellant respectfully requests again that his case again be remanded to the district court for re-sentencing.

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the undersigned counsel for Appellant hereby certifies that this Reply Brief complies with the type-volume limitation of Rule 32(a)(7)(B)(ii).  As measured by the word processing system used to prepare this Brief, there are 2,586 words in this Reply Brief.

*/s/ Barbara Kittay*

_____

BARBARA KITTAY
Counsel for Appellant
(Appointed by the Court)
D.C. Bar Number 414216

11140 Rockville Pike
Suite 100-284
Rockville, Maryland  20852
(301) 468-1817
bkittay@verizon.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have filed the foregoing Brief for Appellant with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system on January 25, 2017.

The following is a registered CM/ECF user and will be served by the appellate CM/EC system and will be provided with paper copies of the reply brief, by first class, U.S. Mail, this 25th day of January, 2017: Lauren Rhees Bates, Assistant U.S. Attorney, District of Columbia, counsel for appellee.

*/s/ Barbara Kittay*

_____
Barbara E. Kittay